FILED
Sep 14, 2021
11:31 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **DORIS GIBBS,** | ) | **Docket No. 2020-03-0219** |
| **Employee,** | ) | |
| **v.** | ) | |
| **EXPRESS SERVICES, INC., aka** | ) | |
| **EXPRESS EMPLOYMENT** | ) | |
| **PROFESSIONALS,** | ) | |
| **Employer,** | ) | |
| **NEW HAMPSHIRE INSURANCE** | ) | **State File No. 118452-2019** |
| **COMPANY,** | ) | |
| **Carrier,** | ) | |
| **And** | ) | |
| **ABIGAIL HUDGENS, Administrator** | ) | |
| **of the Bureau of Workers'** | ) | |
| **Compensation and SUBSEQUENT** | ) | **Judge Pamela B. Johnson** |
| **INJURY FUND.** | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

Express Services, Inc. (ESI) and the Subsequent Injury Fund (SIF) filed this motion requesting summary judgment on grounds that no genuine issues of material fact exist as to whether Ms. Gibbs's right-leg injury arose primarily out of her employment. They supported their position with the causation opinion of an authorized physician. Ms. Gibbs responded by presenting a contrary causation opinion from a nurse practitioner and argued that she suffered a disabling injury at work. For the reasons below, the Court holds that ESI and SIF are entitled to summary judgment.

### History of Claim

On December 12, 2019, Ms. Gibbs struck her right leg on storage totes while working. Ms. Gibbs selected OrthoTennessee from a panel and began authorized treatment with Dr. Christina Seaworth.

1

In July 2020, Dr. Seaworth gave a causation opinion for Ms. Gibbs's injuries. She testified by affidavit that, "It is my opinion, within a reasonable degree of medical certainty, and considering all causes, that Ms. Gibbs' complaints and symptoms related to her right lower extremity are at least 50% related to her pre-existing complaints and symptoms."

On March 5, 2021, Dr. Seaworth provided a revised affidavit that maintained her previous opinions. She further testified that Ms. Gibbs's "current complaints and symptoms are more than 50% related to her pre-existing complaints and symptoms." Dr. Seaworth concluded "within a reasonable degree of medical certainty, and considering all causes, [Ms. Gibbs's] December 12, 2019 incident at work was not the primary cause of any disablement or need for additional treatment."

Ms. Gibbs filed a Petition for Benefit Determination and later a Request for Expedited Hearing.[1]

At the Expedited Hearing, Dr. Seaworth provided the only causation opinion. She determined that Ms. Gibbs's right-lower extremity complaints and symptoms were at least 50% related to her pre-existing complaints and symptoms. Additionally, she concluded that Ms. Gibbs's current complaints and symptoms were more than 50% related to her pre-existing complaints and symptoms. Finally, Dr. Seaworth determined that the December 12, 2019 work incident was not the primary cause of Ms. Gibbs's disablement or need for additional medical treatment considering all causes. Although Ms. Gibbs treated with multiple providers for right-leg symptoms since the work incident, she did not present an opinion from any of them identifying the cause of her ongoing complaints or relating the need for treatment to work. Accordingly, the Court denied her request for additional benefits.

In this motion, ESI and SIF argued summary judgment is appropriate because they affirmatively negated an essential element of Ms. Gibbs's claim. Specifically, relying on Dr. Seaworth's opinions and statements of undisputed facts with citations to the record, they contend the record shows that Ms. Gibbs did not sustain an injury by accident arising primarily out of her employment that caused disablement and/or a need for medical treatment. Therefore, she is not entitled to benefits under Tennessee Workers' Compensation Law.

---

[1] ESI and SIF filed their first joint Motion for Summary Judgment, which was set by agreement for oral argument before the Expedited Hearing. After the motion hearing, this Court dismissed this case. Ms. Gibbs appealed, and the Workers' Compensation Appeals Board reversed and remanded. On remand, ESI and the SIF filed their second joint Motion for Summary Judgment. However, the Court elected to decide the Request for Expedited Hearing, which was pending when the first summary judgment motion was granted. The Court granted Ms. Gibbs two extensions to respond to the summary judgment motion, ultimately resetting the motion hearing for September 1, 2021.

Ms. Gibbs responded by disagreeing with Dr. Seaworth's opinions. Without citations to the record or sworn testimony, Ms. Gibbs argued she did not receive the care she needed, her pain complaints were ignored, and she continues to have debilitating pain caused by the work injury. She denied that she had prior injuries or symptoms involving her right lower extremity.

Ms. Gibbs also offered a C-32 Standard Medical Report from Natasha L. Yucco, ANP. Ms. Yucco's curriculum vitae was not attached. Ms. Yucco noted that Ms. Gibbs reported a December 12, 2019 injury and was evaluated by her practice in March 2020. Her care to date included evaluations by orthopedic surgery and pain management with a diagnosis of complex regional pain syndrome. Ms. Yucco concluded that Ms. Gibbs's injury resulted in disablement and the need for treatment, and the employment, more likely than not, was primarily responsible for the injury or primarily responsible for the need for treatment.

ESI and SIF replied by asserting that Ms. Gibbs failed to show disputed material facts existed. They argued that the Court should deem their statement of facts undisputed because Ms. Gibbs failed to provide specific citations to the record as required by Tennessee Rules of Civil Procedure 56 (2020). Alternatively, they argued Ms. Gibbs did not introduce any material facts that would make summary judgment inappropriate.

Specifically, ESI and SIF asserted that:
- Ms. Gibbs alleged a December 12, 2019 injury.
- She received and accepted treatment from Dr. Seaworth, who determined that Ms. Gibbs's complaints and symptoms related to her right lower extremity are at least 50% related to her pre-existing complaints and symptoms.
- Dr. Seaworth determined that Ms. Gibbs's current complaints and symptoms are more than 50% related to her pre-existing complaints and symptoms.; and,
- Dr. Seaworth concluded within a reasonable degree of medical certainty, considering all causes, that Ms. Gibbs's December 12, 2019 work incident was not the primary cause of any disablement or need for treatment.

Further, ESI and SIF argued that Ms. Yucco's C-32 is inadmissible because she is a nurse practitioner not a medical doctor, and she did not provide her qualifications, and an original signature or an affidavit verifying the contents of the report.

**Findings of Fact and Conclusions of Law**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2020).

When a party who does not bear the burden of proof at trial files a motion for summary judgment–here, ESI and SIF–they must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of Ms. Gibbs's claim, or (2) demonstrate that Ms. Gibbs's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2020); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If the moving party successfully meets one of those burdens, the nonmoving party must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If the nonmoving party fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." *Id.*

The Workers' Compensation Law requires an employer to furnish medical treatment made reasonably necessary by a work injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). The injury must arise primarily out of employment and cause the need for medical treatment. Specifically, it must be shown to a reasonable degree of medical certainty that the injury contributed more than fifty percent in causing the need for medical treatment. "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes. *See generally* Tenn. Code Ann. § 50-6-102(14).

As to this motion, ESI and SIF bear the initial burden of proving the basis of their claim to summary judgment and identifying those portions of the pleadings and documents which they believe demonstrate the absence of a genuine issue of material fact.

ESI and SIF argue they met their burden to affirmatively negate an essential element of Ms. Gibbs's claim with the affidavit from Dr. Seaworth. Dr. Seaworth stated, "[I]t is my opinion, within a reasonable degree of medical certainty, and considering all causes, that Ms. Gibbs's December 12, 2019 incident at work *was not* the primary cause of any disablement or need for additional medical treatment." (Emphasis added).

Thus, the Court holds that ESI and SIF have met their burden and affirmatively negated an essential element of Ms. Gibbs's claim. The burden now shifts to Ms. Gibbs to show that there is a genuine issue for trial. On the causation issue, she attempted to meet her burden by filing the C-32 from a nurse practitioner.

In lieu of a deposition, a C-32 may be used if certain requirements are met. *See* Tenn. Code Ann. § 50-6-235(c). To be admissible, the C-32 must bear the original signature of the physician or include an originally-signed affidavit from the physician verifying the contents of the report. Additionally, the physician making the C-32 must provide his/her qualifications.

4

However, this Court cannot consider Ms. Yucco's causation opinion because she is not a medical doctor. *See Adiole v. Logan Senior Care, LLC*, 2019 TN Wrk. Comp. App. Bd. LEXIS 78, at *6 (Dec. 16, 2019) ("A physician's assistant, like a nurse practitioner, is not qualified to offer an expert opinion on medical causation."); *see also Dorsey v. Amazon.com, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *9 (May 14, 2015). In addition, Ms. Yucco's C-32 is inadmissible because an original signature and statement of qualifications were not provided.

Considering this motion in the light most favorable to Ms. Gibbs, the Court finds that Ms. Gibbs did not set forth specific facts showing that genuine issues of material fact exist for trial. Dr. Seaworth's affidavits clearly state her opinion that the work incident was not the primary cause of any disablement or need for additional treatment, i.e., the injury did not arise primarily out of the employment. With Dr. Seaworth being the only qualified medical opinion before the Court, her statement sufficiently negates the element of causation. *See Beecher v. McKesson Corp.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 41, at *9-10 (July 21, 2017). For these reasons, the Court holds that ESI and SIF are entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court dismisses Ms. Gibbs's claim with prejudice to its refiling.

2. Unless appealed, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against ESI, for which execution might issue as necessary. ESI shall pay the filing fee to the Court Clerk within five business days of the order becoming final.

4. ESI shall file Form SD-2, Statistical Data form, with the Court Clerk within five business days of this order becoming final.

**ENTERED September 14, 2021.**

*Pamela B. Johnson*
**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on September 14, 2021.

| Name | US Mail | Email | Service sent to: |
|---|---|---|---|
| Doris Gibbs, Self-Represented Employee | X | X | 333 Magnolia Street Claxton, GA 30417 dorishall.0007@yahoo.com |
| Garrett P. Franklyn, Employer's Attorney | | X | gpfranklyn@mijs.com |
| Allison Lowry, Fund Attorney | | X | allison.lowry@tn.gov |

_____

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*